1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY GIRALDES, JR.,                    No.  2:14-cv-1780 CKD P

12                Plaintiff,

13        v.                                 ORDER

14   JEFFREY BEARD,

15                Defendant.

16

17          This prisoner civil rights action proceeds on the July 28, 2014 complaint, which seeks a

18   permanent injunction barring the California Department of Corrections and Rehabilitation

19   ("CDCR") from enforcing Title 15 Cal. Code Regs, § 3177(b)(2) "as applied to plaintiff as a lifer

20   inmate without an established parole date."  (ECF No. 1.)  Plaintiff's motion for preliminary

21   injunction was denied (ECF No. 53), and defendant's motion for summary judgment is pending.

22   (ECF Nos. 54, 59 & 61.)  Both parties have consented to Magistrate Judge jurisdiction to conduct

23   all proceedings in this matter.  (ECF Nos. 3 & 12.)

24          On April 5, 2017, the court held a telephonic status conference in this action. Defendant

25   was represented by Deputy Attorney General Arthur Mark and plaintiff by attorney Alan Reinach

26   of the Church State Council.  Defendant argued that, due to recent changes to the prison visiting

27   policy, the relief sought in this action is moot, and after arguments on this issue, the court took the

28   matter under submission.  (ECF No. 67.)

Plaintiff is an observant Catholic serving a life sentence with the possibility of parole. He has not been given a parole date. In 2013 he married, but his application for a family overnight visit was denied pursuant to § 3177(b)(2), which provided that family visits were not allowed for certain categories of inmates, including those "sentenced to life, without a parole date established by the Board of Parole Hearings." (See ECF No. 53 at 2-3.) In his complaint, plaintiff argued that consummation was required for Catholic marriage, such that the provision barring "lifers" from conjugal visits impinged on his federal right to practice his religion under the First Amendment and The Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). (ECF No. 1.)

In February 2017, CDCR's policy on conjugal visits changed. The court takes judicial notice of the new visiting policy, announced in a memo that reads in part:

> Pursuant to Senate Bill 843, language was added to Penal Code (PC) 6404 specifying inmates shall not be prohibited from family visits based solely on being sentenced to Life Without the Possibility of Parole (LWOP) or life without a parole date established by the Board of Parole Hearings. Beginning February 20, 2017, inmates with life terms who otherwise meet the criteria as established in California Code of Regulations (CCR), Title 15, Section 3177 Family Visiting (Overnight), will be authorized to request a family visit.

(ECF No. 69.) As of the April 5 status conference, plaintiff had not applied for a conjugal visit under the new policy, received a decision on his application, or exhausted administrative remedies seeking relief from any such decision.

"Mootness is 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994), quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980). "A statutory change . . . is usually enough to render a case moot[.]" Id. at 1510 (collecting cases). "The exceptions to this general line of holdings are rare and typically involve situations where it is virtually certain that the repealed law will be reenacted." Id.

Here, there is no reason to believe that California "lifers" such as plaintiff will be categorically denied conjugal visits in the future. Rather, for the foreseeable future, they will be

2

able to apply for conjugal visits, subject to evaluation based on other § 3177(b) factors such as escape history, commitment offense, behavior history, and current case factors. (ECF No. 69.) As the challenged ban on "lifers" is no longer in effect and no injunction is needed, the undersigned concludes that this action should be dismissed as moot.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The pending motions in this action (ECF Nos. 54 & 62) are denied as moot;

2. This action is dismissed without prejudice for mootness; and

3. The Clerk of Court shall close this case.

Dated: May 3, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /gira1780.sj

3