UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR., | No. 2:14-cv-1780 CKD P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, | |
| Defendant. | |

This prisoner civil rights action was dismissed as mooted by a prison policy change on May 3, 2017. (ECF No. 72.) Before the court is plaintiff's motion for reconsideration of the judgment. (ECF No. 74.) Although plaintiff was represented by counsel in this action, the court considers plaintiff's pro se, post-judgment motion.

A district court[1] may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263. Here, plaintiff

---

[1] Both parties have consented to the jurisdiction of a Magistrate Judge to conduct all proceedings in this action. (ECF Nos. 3 & 12.)

1

presents evidence that he was found ineligible for conjugal visits on March 15, 2017. (ECF No. 74 at 74.) However, there is no evidence he exhausted administrative remedies as to this denial. Moreover, the denial does not appear to be based on the former policy of categorically excluding life inmates without a parole date. The same is true for plaintiff's May 11, 2017 request for conjugal visits, denied on May 15, 2017. (Id. at 76-77.) Neither denial suggests plaintiff's religious rights were violated as initially alleged in this action. Thus the court's decision to dismiss this action without prejudice was not clearly erroneous nor manifestly unjust.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 74) is denied.

Dated: May 22, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / gira1780.R60